UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DENNIS PAUL WHARTON,

        Plaintiff,

     v.

BRIAN JEWELL,

        Defendant.

Case No. 3:14-CV-314-ST

OPINION AND ORDER

**STEWART, Magistrate Judge:**

A party seeking to institute a civil action must pay a filing fee of $400.00, consisting of $350.00 pursuant to 28 USC § 1914 and a $50.00 administrative fee. An action may proceed without the prepayment of a filing fee only upon a proper application to proceed *in forma pauperis*. 28 USC § 1915. Plaintiff, Dennis Paul Wharton, has neither paid the filing fee nor submitted an application to proceed *in forma pauperis*.

Even if Wharton pays the filing fee or submits an application to proceed *in forma pauperis*, the Complaint may be dismissed. A court must liberally construe the allegations of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt. *Lopez v. Department of Health Svcs.*, 939 F2d 881, 883 (9th Cir 1991). However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A

1 – OPINION AND ORDER

complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957).  This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*.

Wharton asserts that this court has federal question jurisdiction under 28 USC § 1331 based on violations of the First, Fourth, Fifth, Sixth and Eighth Amendments.  None of those Amendments provide a private right of action.  Although not alleged, he appears to claim a violation of 42 USC § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In Claim 1, Wharton alleges that defendant, Officer Brian Jewell (who appears to be an Oregon law enforcement officer), stopped him for not having a license plate light and failing to use a proper signal when exiting Interstate 5 and then demanded that he produce identification and proof of financial responsibility.  He alleges that Officer Jewel did so without reasonable suspicion or probable cause of criminal activity.  In Claim 2, he alleges that Officer Jewel arrested him for failure to carry and present a driver's license in violation of his right "to be left along [*sic*], committed assault and battery and infringed on the liberty of plaintiff."  Claim 3 alleges that Officer Jewel transported him to the Douglas County Jail where he was held overnight and upon release was required to provide fingerprints in violation of his right "to due process, false arrest, false imprisonment without trial constituting cruel and unusual

punishment." As a result, he asks this court to "set aside the dismissal in the State courts and remand for trial on the merits or set over for trial in the Federal Court and any other relief deemed proper by the court." Based on the attachments to the Complaint, Wharton apparently filed and lost a case in the Douglas County Circuit Court which he appealed and lost in both the Oregon Court of Appeals and Oregon Supreme Court. It is unknown what claims he filed in that case.

First of all, Wharton is advised that he cannot obtain any relief from this Court based on a dismissal of his case in state court. A federal court lacks jurisdiction to engage in appellate review of a state court judgment, even though the judgment may erroneously decide constitutional or federal law issues. *Texaco, Inc. v. Pennzoil Co.*, 784 F2d 1133, 1141 (2nd Cir 1986), *rev'd on other grounds*, 481 US 1 (1987). "If the constitutional claims presented to a United States District Court are inextricably intertwined" with the merits of a judgment rendered in a state court proceeding, "then the District Court is in essence being called upon to review the state court decision. This the District court may not do." *District of Columbia Court of Appeals v. Feldman*, 460 US 462, 483 n16 (1983). A claim is

> inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of that state-court judgment.

*Penzoil Co. v. Texaco, Inc.*, 481 US 1, 25 (1987) (Marshall, J., concurring); *accord Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F3d 508, 512 (8th Cir 1999) ("A federal claim is inextricably intertwined with a state court judgment when "the relief requested in the federal action would effectively reverse the state court decision or void its ruling").

As explained by the Ninth Circuit:

3 – OPINION AND ORDER

> [f]aced with the task of deciding our power to review constitutional issues which arise from a state court proceeding, we view the res judicata requirement of full and fair opportunity to litigate, and the *Feldman* 'inextricably intertwined' barrier as two sides of the same coin. Under the rubric of either 'jurisdiction' or 'res judicata,' the crux of the question is whether there has already been actual consideration of and a decision on the issue presented. If consideration and decision have been accomplished, action in federal court is an impermissible appeal from the state court decision. If no consideration has been given, or any decision on the matter is ambiguous, it is unlikely that the issues presented to the state high court and to the federal court are so 'inextricably intertwined' that the federal court cannot take jurisdiction. Nor is it likely that there will have been a full enough and fair enough opportunity for litigation to warrant the claim preclusive effect of res judicata.

*Robinson v. Ariyoshi*, 753 F2d 1468, 1472 (9th Cir 1985), *vacated on other grounds*, 477 US 902 (1986) (citations omitted).

Oregon law with regard to issue preclusion determines the preclusive effect of the state court judgment in this case. Under Oregon law, the doctrine of issue preclusion bars relitigation of issues previously decided if the following five requirements are met:

> (1) The issue in the two proceedings is identical. (2) The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding. (3) The party sought to be precluded has had a full and fair opportunity to be heard on that issue. (4) The party sought to be precluded was a party or was in privity with a party to the prior proceeding. (5) The prior proceeding was the type of proceeding to which [Oregon courts] will give preclusive effect.

*Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 104, 862 P2d 1293, 1296-97 (1993) (internal citations omitted).

Thus, this Court may not "set aside the dismissal in the State courts" as Wharton requests, and Wharton may only pursue claims in federal court which are different than the claims filed and adjudicated in state court.

Second, it is unclear what First, Fifth, Sixth and Eighth Amendment rights were allegedly violated by Officer Jewell. Nothing in the Complaint supports any violation of the First

4 – OPINION AND ORDER

Amendment rights of freedom of religion, speech, and assembly.  The Fifth Amendment due process clause only applies to the federal government.  *Bartkus v. People of the State of Ill.*, 359 US 121, 124 (1959).  If Officer Jewell is not a federal official, Wharton cannot bring any claim against him based on the Fifth Amendment.  The Sixth Amendment applies only to criminal prosecutions, yet Wharton makes no allegation that he was actually prosecuted for any crimes.  The Eighth Amendment prohibits excessive bail and cruel and unusual punishment, neither of which are invoked by Wharton's allegations.

The only conceivable constitutional right implicated by the alleged facts is the Fourth Amendment right against unreasonable searches and seizures.  However, "[t]he Fourth Amendment permits limited investigatory stops where there is some reasonable, articulable, and objective manifestation that the person seized is, or is about to be, engaged in criminal activities."  *Terry v. Ohio*, 392 US 1, 22-24 (1968).   If Officer Jewell reasonably suspected that Wharton had violated any traffic laws, then the Fourth Amendment allowed him to stop and question Wharton, including ascertaining his identity.  *Hiibel v. Sixth Jud. Dist. Court of Nev., Humboldt Cnty.*, 542 US 177, 186 (2004) ("questions concerning a suspect's identity are a routine and accepted part of many *Terry* stops"); *State v. Amaya*, 176 Or App 35, 29 P3d 1177 (2001) (questioning during a traffic stop does not violate the Fourth Amendment).

The Fourth Amendment permits an arrest to be made based on probable cause.  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."  *United States v. Lopez*, 482 F3d 1067, 1072 (9th Cir 2007), citing *Beck v. State of Ohio*, 379 US 89 (1964).  Based on that standard, Officer Jewell may have had probable cause to arrest Wharton for failing to carry and present a driver's license.

Once arrested, a detention of less than 48 hours "will as a general matter, comply with the promptness requirement" of the Fourth Amendment and not be considered unreasonable delay. *County of Riverside v. McLaughlin*, 500 US 44, 56 (1991).

Accordingly, if Wharton elects to continue with this action and avoid dismissal, he must not only pay the filing fee or submit an application to proceed *in forma* pauperis, he also must file an amended complaint correcting the deficiencies noted above.

## **ORDER**

Wharton shall submit a filing fee or an application to proceed *in forma pauperis* within 30 days of the date of this order. Failure to do so will result in the dismissal of this action.

With this Order, the Clerk of the Court is DIRECTED to send plaintiff a form application to proceed *in forma pauperis*.

DATED February 27, 2014.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge

6 – OPINION AND ORDER