UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DENNIS PAUL WHARTON,

        Plaintiff,

    v.

BRIAN JEWELL and TINA CASE, personally,

        Defendants.

Case No. 3:14-cv-00314-ST -ST

FINDINGS AND RECOMMENDATION

**STEWART, Magistrate Judge:**

## INTRODUCTION

Plaintiff, Dennis Paul Wharton ("Wharton"), appearing *pro se*, filed a Complaint on February 24, 2014 (docket #1), followed by an Amended Complaint on March 31, 2014 (docket #7), against two defendants, Brian Jewell ("Jewell") and Tina Case ("Case"), arising out of a traffic stop on January 28, 2009. Jewell, an Oregon State Police officer, stopped and detained Wharton for committing two alleged traffic infractions of having no license plate light and not signaling properly. He requested that Wharton provide a driver's license, but Wharton refused. Jewell then arrested Wharton and lodged him at the Douglas County Jail for about 11 hours.

As a result, Wharton alleges four claims under 42 USC § 1983. Claim I alleges that Jewell stopped and detained Wharton without probable cause or a reasonable suspicion in

1 – FINDINGS AND RECOMMENDATION

violation of Article 1, Section 9, of the Oregon Constitution and the Fourth Amendment of the United States Constitution. Claim II alleges that Jewell acted without any statutory or common law authority when he arrested Wharton for failure to carry and present a driver's license which is not required under ORS 801.208(2)(e). Claim III alleges that Jewell and Case, the Douglas County Jail Supervisor on duty, unlawfully imprisoned him for approximately 11 hours in violation of ORS 807.570(4), although Jewell confirmed Wharton's identity approximately 1.5 hours after the arrest. Finally, Claim IV alleges that the Douglas County Circuit Court dismissed Wharton's case "based on the arbitrary 180 day Tort Claim Notice" which Wharton claims is a denial of due process.

Case has not yet filed an appearance, and the file does not reflect that she has been served with the Summons and Complaint.

Pursuant to FRCP 12(b)(1) and 12(b)(6), Jewell has filed a Motion to Dismiss (docket #13). Wharton has not filed a response. For the following reasons, that motion should be granted.

## **STANDARDS**

In order to survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that defendants violated plaintiff's rights. *Ashcroft v. Iqbal*, 556 US 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678 (citation omitted). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of*

*Bus., Inc. v. Symington*, 51 F3d 1480, 1484 (9th Cir 1995) (citation omitted). Courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F3d 338, 342 (9th Cir 2010).

In addition to the allegations of the complaint, the court may also consider documents whose authenticity no party questions which are attached to, or incorporated by reference into, the complaint, as well as matters capable of judicial notice. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F3d 1005, 1016 n9 (9th Cir 2012); *Coto Settlement v. Eisenberg*, 593 F3d 1031, 1038 (9th Cir 2010). The court is not required "to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F3d 992, 998 (9th Cir 2010) (citation omitted).

In support of its motion, Jewell has submitted a declaration attaching three documents filed in *Wharton v. Jewell*, Douglas County Circuit Court Case No. 11CV388CC: (1) the Complaint filed on January 28, 2011; (2) the Opinion Letter issued on March 28, 2012, by Judge Wolke responding to Wharton's Motion to Amend and Jewell's Motion for Summary Judgment; and (3) the Order signed April 19, 2012, by Judge Wolke granting Jewell's Motion for Summary Judgment and dismissing the case. Because Claim IV reference this state court case and because these documents are all a matter of public record capable of judicial notice, the court will consider them.

## FINDINGS

As is clear from comparing the two complaints, large portions of this lawsuit are virtually identical to the prior lawsuit filed by Wharton in Douglas County Circuit Court. Wharton sued the same defendant in state court seeking damages based on the same underlying facts, alleging four claims for false arrest, false imprisonment, reckless and intentional violation of a known duty, taking of property without due process and just compensation. Reim Decl., Attachment A

(Complaint). The state court dismissed Wharton's claims because they "are barred by his failure to give tort claim notice; and none of plaintiff's pleadings, and/or affidavits, suggest that there is any genuine issue as to any material facts." *Id*, Attachment B (Opinion Letter). The court subsequently issued an Order dismissing the case. *Id*, Attachment C (General Judgment). Wharton appealed this decision, but the Oregon Court of Appeals affirmed without opinion and the Supreme Court of Oregon later denied his petition for review. *Wharton v. Jewell*, 258 Or App 683 (Sept. 25, 2013), *rev. denied*, 354 Or 656 (Dec. 26, 2013).

Due to this prior litigation in state court, Jewell seeks dismissal based on lack of subject matter jurisdiction. In addition, Jewell argues that Wharton fails to state a claim due to the doctrine of claim preclusion and the statute of limitations.

## I.      Subject Matter Jurisdiction

When a motion to dismiss for lack of jurisdiction is filed in conjunction with other motions to dismiss under FRCP 12, the court normally considers the issue of jurisdiction first. *Allstate Ins. Co. v. Hughes*, 358 F3d 1089, 1093 (9th Cir 2004) ("We cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction.") (citation omitted). Doing so prevents a court without subject matter jurisdiction from prematurely dismissing a case with prejudice. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 US 422, 430-31 (2007) (citation omitted); *Potter v. Hughes*, 546 F3d 1051, 1056 n2 (9th Cir 2008) (discussing *Sinochem*).

Pursuant to the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. *Dist. of Col. Court of Appeals v. Feldman*, 460 US 462, 476 (1983) (citations omitted); *Rooker v. Fidelity Trust Co.*, 263 US 413, 416 (1923) (citations omitted). The basic premise of that doctrine is that "a federal district court

4 – FINDINGS AND RECOMMENDATION

does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F3d 1148, 1154 (9th Cir 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id*; *see* 28 USC § 1257. The scope of the doctrine includes de facto appeals from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F3d at 1158. This rule also applies to constitutional claims under § 1983. *Feldman*, 460 US at 486-87. A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. *Doe & Assocs. Law Offices v. Napolitano*, 252 F3d 1026, 1029 (9th Cir 2001) (citations omitted).

*Rooker-Feldman* bars a suit from going forward if: (a) the plaintiff in the federal suit lost in the state court proceeding; (b) the state court determination is at the core of the federal lawsuit; (c) the federal lawsuit seeks review and rejection of the state court verdict; and (d) the state court judgment was entered before commencement of the federal action. *McKithen v. Brown*, 481 F3d 89, 97 (2nd Cir 2007), *cert. denied*, 552 US 1179 (2008) (analyzing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F3d 77, 85 (2nd Cir 2005). That is precisely what Wharton asks this court to do, namely reverse the prior decisions by the Douglas County Circuit Court, the Oregon Court of Appeals and the Oregon Supreme Court. Therefore, this Court does not have subject matter jurisdiction. Because that defect cannot be cured by amendment, this case should be dismissed with prejudice.

///

///

5 – FINDINGS AND RECOMMENDATION

**II.     Failure to State a Claim**

Even if this court has subject matter jurisdiction, Jewell argues that Wharton fails to state a claim due to claim preclusion and the statute of limitations. This court agrees.

**A.     Claim Preclusion**

Claim preclusion, or *res judicata*, bars a plaintiff from pursuing claims that should have been raised and resolved in earlier litigation between the same parties. *Communications Telesystems Int'l v. Cal. Public Util. Comm'n*, 196 F3d 1011, 1017 (9th Cir 1999). Under the full faith and credit statute, 28 USC § 1738, federal courts must give state court judgments "the same preclusive effect that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 US 461, 466 (1982). This is true "even in a suit under section 1983." *Caldeira v. Cnty. of Kauai*, 866 F2d 1175, 1177 (9th Cir 1989) (citations omitted).

A federal court applies the "rules of the state that rendered the underlying judgment" in determining the preclusive effect of a state court judgment. *Zamarripa v. City of Mesa*, 125 F3d 792, 793 (9th Cir 1997) (citations omitted). Under Oregon law, claim preclusion bars a party who has litigated one action through to a final judgment from bringing another action against the adverse party when the second claim involves the same parties and same facts as the first, seeks additional or alternative remedies, and could have been raised in the first action. *Qwest Corp v. City of Portland*, 385 F3d 1236, 1243 (9th Cir 2004) (citation omitted).

Although this case alleges claims under § 1983 and seeks additional remedies of punitive damages and compensatory relief, it involves the same parties and facts as the Douglas County Circuit Court proceeding. Nothing barred Wharton from alleging claims for violations of his

6 – FINDINGS AND RECOMMENDATION

federal constitutional rights in state court. *Martinez v. California*, 444 US 277, 283 n7 (1980) (state courts have concurrent jurisdiction over § 1983 claims).

This court acknowledges that Wharton did not allege in state court, as does Claim IV here, that the 180-day notice required by the Oregon Tort Claims Act, ORS 30.275, is unconstitutional. That is a new claim premised on dismissal of Wharton's claims in state court for failure to timely file that notice. However, Jewell's motion for summary judgment in state court was based in part on that failure. Reim Decl., Attachment B., p. 1. Therefore, Wharton had the opportunity in state court to argue that requiring him to give that notice is unconstitutional.

In any event, such an argument lacks merit. The Oregon Constitution, Art. IV, sec. 24, protects the state from "suit" unless the legislature provides a cause of action. The Oregon Tort Claims Act was passed in 1967 to partially abolish tort immunity for all public bodies. However, any person who claims damages from a public body under the Oregon Tort Claims Act must comply with certain requirements, including giving written notice of the tort "within 180 days after the alleged loss or injury." As explained by the Oregon Supreme Court:

> When the Oregon Tort Claims Act was first adopted, it enacted a partial waiver of sovereign immunity. At the same time, the sovereign, acting through the legislature, exacted certain conditions as a part of that partial waiver of sovereign immunity. One condition was a dollar limitation on the amount that an injured party may recover from the sovereign. Another condition was timely notice. Under the Oregon Tort Claims Act, it was insufficient for the sovereign that a summons and complaint might show up on the sovereign's doorstep any time within the period of the statute of limitations. The sovereign required additional and earlier notice.

*Krieger v. Just*, 319 Or 328, 333, 876 P2d 754, 756-57 (1994) (citations omitted).

Because Wharton had the opportunity to raise in the Douglas County Circuit Court proceeding all of the any claims alleged here, they are barred by claim preclusion.

7 – FINDINGS AND RECOMMENDATION

B.  **Statute of Limitations**

In addition, Jewell contends that Wharton's § 1983 claims are barred by the applicable two-year statute of limitations.

Claims brought under § 1983 are governed by the most closely analogous tort claim statute of limitations of the state in which the claims arose.  *Wilson v. Garcia*, 471 US 261 (1985).  The limitations period governing personal injury actions in Oregon courts, and thus governing § 1983 actions in Oregon, is two years.  *Davis v. Harvey*, 789 F2d 1332, 1333 (9th Cir 1986).

The alleged acts by Jewell and Case occurred in January 2009.  Because Wharton filed this case more than two years later on March 31, 2014, his claims are barred by the statute of limitations.

## RECOMMENDATION

For the foregoing reason, Jewell's Motion to Dismiss (docket # 13) should be granted based on lack of subject matter jurisdiction, and a judgment should be entered dismissing all of Wharton's claims with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Thursday, July 24, 2014.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

///

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED July 7, 2014.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge

9 – FINDINGS AND RECOMMENDATION